1  DONALD W. SEARLES (Cal. Bar No. 135705)
   Email: searlesd@sec.gov
2  MELISSIA BUCKHALTER-HONORE (LA. Bar No. 23249)
   Email: buckhalter-honorem@sec.gov
3  SPENCER E. BENDELL (Cal. Bar No. 181220)
   Email: bendells@sec.gov
4
   Attorneys for Plaintiff Securities and Exchange Commission
5
   Michele Wein Layne, Regional Director
6  Alka N. Patel, Associate Regional Director
   Amy J. Longo, Regional Trial Counsel
7  444 S. Flower Street, Suite 900
   Los Angeles, California 90071
8  Telephone: (323) 965-3998
   Facsimile: (213) 443-1904

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUICKSILVER STOCK TRANSFER, LLC and ALAN SHINDERMAN,<br><br>Defendants. | Case No. 2:18-cv-00131<br><br>**CONSENT OF DEFENDANT ALAN SHINDERMAN** |

1.  Defendant Alan Shinderman ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.  Without admitting or denying the allegations of the complaint (except as provided in paragraph 11 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    a.  permanently restrains and enjoins Defendant from violations of; and Sections 10(b) [15 U.S.C. § 78j(b)] and Rules 10b-5(a) & (c) thereunder [17 C.F.R. § 240.10b-5(a) and (c)], and aiding and abetting violations of Section 17A(d)(1) of the Exchange Act [15 U.S.C. § 78q-1(d)(1)] and Rules 17Ad-12 and 17Ad-13 thereunder [17 C.F.R. § 240.17Ad-12 & 13];

    b.  orders order Defendant to pay a civil penalty in the amount of $50,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.  Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

4.  Defendant waives the entry of findings of fact and conclusions of law

1

pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory

organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or associations with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the

3

violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: MARCH 5, 2019

_____
ALAN SHINDERMAN

On March 5th, 2019, Alan Shinderman, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: Jan. 26, 2022



NOTARY PUBLIC
STATE OF NEVADA
County of Clark
JOSHUA DURAZO
No: 18-2518-1   My Appointment Expires Jan. 26, 2022

5

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On July 25, 2019, I caused to be served the document entitled **CONSENT OF DEFENDANT ALAN SHINDERMAN** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: July 25, 2019                                  */s/ Donald W. Searles*
                                                     Donald W. Searles

**SEC v. Quicksilver Stock Transfer LLC and Alan Shinderman**
**United States District Court – District of Nevada**
**Case No. 2:18-cv-00131-JCM-PAL**

SERVICE LIST

Barney C. Ales, Esq.
P.O. Box 20563
Las Vegas, NV 89112
Email: attorneyales@gmail.com
*Attorney for Defendants Quicksilver Stock Transfer, LLC, and Alan Shinderman*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>QUICKSILVER STOCK TRANSFER, LLC AND ALAN SHINDERMAN,<br><br>Defendants. | Case No. 2:18-cv-00131<br><br>**FINAL JUDGMENT AS TO DEFENDANT ALAN SHINDERMAN** |

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant Alan Shinderman ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise

provided in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS FURTHER ORDERED that Defendant is permanently restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A. employing any device, scheme or artifice to defraud;

    B. making any untrue statement of material fact to omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. §§ 240.10b-5.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting violations of Section 17(a)(d)(1) of the Exchange Act [15 U.S.C. § 78q-1(d)(1)] and Rule 17Ad-12 thereunder [17 C.F.R. 240.17Ad-12], which makes it unlawful for any registered transfer agent, directly or indirectly, in light of all the facts and circumstances, to fail to safeguard securities related to its transfer agent activities, in a manner reasonably

| | |
|---|---|
| 1 | free from risk of loss, theft, destruction, and to protect funds related to its transfer |
| 2 | agent activities against misuse. |
| 3 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as |
| 4 | provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also |
| 5 | binds the following who receive actual notice of this Final Judgment by personal |
| 6 | service or otherwise: (a) Defendant's officers, agents, servants, employees, and |
| 7 | attorneys; and (b) other persons in active concert or participation with Defendant or |
| 8 | with anyone described in (a). |

### III.

10  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
11  is permanently restrained and enjoined from aiding and abetting violations of Section
12  17(a)(d)(1) of the Exchange Act [15 U.S.C. § 78q-1(d)(1)] and Rule 17Ad-13
13  thereunder [17 C.F.R. 240.17Ad-12], which makes it unlawful for any registered
14  transfer agent to file annually with the Commission and the transfer agent's
15  appropriate regulatory agency in accordance with Rule 17Ad-2(h), a report prepared
16  by an independent accountant concerning the transfer agent's system of internal
17  accounting controls and related procedures for the transfer of record ownership and
18  the safeguarding of related securities and funds.

19  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
20  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
21  binds the following who receive actual notice of this Final Judgment by personal
22  service or otherwise: (a) Defendant's officers, agents, servants, employees, and
23  attorneys; and (b) other persons in active concert or participation with Defendant or
24  with anyone described in (a).

### IV.

26  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
27  Defendant is liable for a civil penalty in the amount of $50,000.00 pursuant to Section
28  21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this

obligation by paying $15,000.00 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment, followed by seven monthly installment payments of $5000.00 each, the first such installment payment due 45 days after entry of this Final Judgment, and each subsequent payment due 30 days from the date of the last payment, until such penalty amount is paid in full. Payments shall be deemed made on the date they are received by the Commission.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendant's name as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the

staff of the Commission without further application to the Court. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and

1 without further notice.

2

3 Dated: July 26, 2019.

4

5 _____
THE HON. JAMES C. MAHAN
6 UNITED STATES DISTRICT JUDGE